## THOMAS M. KING *vs.* ANDREW P. READING, ESQ.

*It seems* that the Superior Court has power to attach a justice of the peace for flagrant official misconduct affecting private rights.

But if he deny the facts under oath, the Court will not try them in this summary way; but remit the party to his action, or indictment.

A RULE was laid on the defendant, a justice of the peace, to show cause why an attachment should not issue against him for official neglect and default, grounded on an affidavit of the complainant, stating that the justice had refused him an appeal in a case where he was entitled to it, and applied for it in due time, and offered sufficient security; and that he refused to give a transcript of his record to the complainant when duly applied for, and the fee therefor tendered.

On the return of the rule, the justice appeared; and, by affidavit, fully denied the facts set forth in the complainant's affidavit.

*Mr. Bayard* denied the power of the court to issue an attachment against the justice for misconduct, neglect or omission in his office, or except for a contempt of the court itself. He thought the remedy in the case as presented was by mandamus on the justice to take the security *nunc pro tunc;* or a rule on the plaintiff below to show cause why such a writ should not be issued.

*Mr. Booth* then cited *Bac. Ab., Attach.,* 283-4-5; 3 *Blac. Com.,* 346; *Revised Code,* 317.)

Judge HARRINGTON said he thought the rule should be in a different form; as to show cause why the justice should not be ordered to take the security, and on his refusing to do so, an attachment for contempt might issue; but whatever the form of the rule, he thought,

if the magistrate by affidavit, positively denied the matters charged by complainant's affidavit, the summary proceeding ought to be dismissed, and the parties remitted to their action against him, or indictment.

He had doubted the power to attach for official misconduct, but the authority of *Bacon* seemed to be in favor of such power, as existing in the King's Bench; founded it may be in the idea that the mal practice of such inferior tribunals, acting under the supervision of that court, was a contempt of its authority, as the court having general supervision of the administration of justice.

Rule discharged.